IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| SABAL TRAIL TRANSMISSION, LLC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.  3:16-CV-173-WKW |
| | ) | [WO] |
| 7.72 ACRES IN LEE COUNTY, ALABAMA, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are (1) Defendant Bowden Realty, Inc.'s Motions to Dismiss, Motion to Add Necessary Party, and Alternative Motion to Stay (Doc. # 24) and (2) Plaintiff Sabal Trail Transmission, LLC's Motions for Partial Summary Judgment and for Preliminary Injunction (Docs. # 4, 5).  The motions have been fully briefed.  Based upon careful review of the pleadings, motions, briefing, the transcript of the May 31, 2016 hearing before the Magistrate Judge, and post-hearing submissions, the court finds that the Motions to Dismiss, Motion to Add Necessary Parties, and Alternative Motion to Stay are due to be denied and that the Motions for Partial Summary Judgment and for Preliminary Injunction are due to be denied without prejudice.

# I. BACKGROUND

On February 2, 2016, the Federal Energy Regulatory Commission ("FERC") issued an order, which among other things, granted to Sabal Trail Transmission, LLC ("Sabal Trail") a Certificate of Public Convenience and Necessity ("FERC Certificate") under the Natural Gas Act ("NGA"), 15 U.S.C. § 717f.  (*See* Doc. # 1, Ex. 3.)  The FERC Certificate authorizes "Sabal Trail Transmission LLC to construct and operate the Sabal Trail Project." (*Id.* at 92.[1]) The Sabal Trail Project is a planned 516.2-mile long natural gas pipeline running through Alabama, Georgia, and

---

[1]  This opinion refers to the page numbers on the certificate, not the page numbers assigned by the court's CM/ECF system.

Florida.   (*See* Doc. # 1 at 1.)   This map depicts the route of the pipeline:



(*See* Doc. # 55, Ex. 1, at 2;[2] *see also* Doc. # 4, Ex. 1 at 11 (same pipeline route in

different picture).)

To build the pipeline, Sabal Trail must acquire easements to enter and

encumber the lands of 1,582 landowners along the route.  Sabal Trail has purchased

easements from many of the landowners, but has also filed a number of

condemnation actions in Alabama, Florida, and Georgia.  Seven cases were filed in

---

[2]  Plaintiff provided copies of other judicial rulings involving the same pipeline litigation in other federal courts.  The opinion that contains this map is by United States District Judge Mark E. Walker.  The court takes judicial notice that this document is accurate, but because the opinion was recently issued on May 23, 2016, it is not yet listed on LexisNexis or Westlaw as of the drafting of this opinion.

the Middle District of Alabama,[3] though three of those cases were voluntarily dismissed after the parties settled.[4]  These four cases, which have been consolidated, remain pending.

The NGA grants private natural gas companies the power of eminent domain where they hold a FERC certificate and either cannot acquire the property through contract, or are unable to agree with the owner of the property on the amount of compensation to be paid for the necessary right-of-way.  15 U.S.C. § 717(h).  "Once a [certificate of public convenience and necessity] is issued by the FERC, and the gas company is unable to acquire the needed land by contract or agreement with the owner, the only issue before the district court in the ensuing eminent domain proceeding is the amount to be paid to the property owner as just compensation for the taking." *Maritimes & Ne. Pipeline, LLC v. Decoulos*, 146 F. App'x 495, 498 (1st Cir. 2005); *Millennium Pipeline Co., LLC v. Certain Permanent & Temp. Easements*, 777 F. Supp. 2d 475, 479 (W.D.N.Y. 2011), *aff'd*, 552 F. App'x 37 (2d Cir. 2014); *see also Sabal Trail Transmission, LLC v. .72 Acres of Land in Lake Cty., Fla.*, Civ. Act. No. 5:16-cv-162, 2016 WL 2758915, at *3 (M.D. Fla. May 12, 2016) (Moody, J.) (quoting same).  Relying on the FERC Certificate, Sabal Trail

---

[3]  *See* 3:16-cv-172-WKW, 3:16-cv-173-WKW, 3:16-cv-174-WKW, 3:16-cv-175-WKW, 3:16-cv-176-WKW, 3:16-cv-177-WKW, 3:16-cv-178-WKW.

[4]  *See* 3:16-cv-172-WKW (closed April 19, 2016), 3:16-cv-177-WKW (closed April 19, 2016), and 3:16-cv-178-WKW (closed May 26, 2016).

filed a complaint under Federal Rule of Civil Procedure 71.1 against Defendants, owners of the subject properties, to take the easements necessary to complete the project. (*See* Doc. # 1 in 3:16-cv-173-WKW, 3:16-cv-174-WKW, 3:16-cv-175-WKW, 3:16-cv-176-WKW.)  For purposes of case management and a hearing on the pending motions, the court consolidated the remaining four cases and designated this case (3:16-cv-173-WKW) as the lead case.[5]

Concurrent with the filing of the lawsuits, Sabal Trail also filed motions for partial summary judgment and preliminary injunction in each case.  These motions seek summary judgment on Sabal Trail's right to condemn the easements and a preliminary injunction granting it immediate possession so that it may begin construction on June 21, 2016, and begin service on May 1, 2017, as authorized by the FERC certificate.

On April 20, 2016, Bowden filed its answer with a motion to dismiss under Fed. R. Civ. P. 12(b) for lack of subject-matter jurisdiction, a motion to dismiss for failure to add a necessary party, and a motion to dismiss or alternative motion to stay all proceedings until FERC rehearing.  (*See* Doc. # 24.)[6]  The court entered briefing

---

[5]  The Magistrate Judge conducted the May 31, 2016 hearing and addressed three of the consolidated cases by Report and Recommendation (Doc. # 69) [3:16-cv-174-WKW (Livingston property), 3:16-cv175-WKW (Dean Jr. property), and 3:16-cv-176-WKW (Danway property)]. However, due to the unique procedural and factual circumstances in 3:16-cv-173, the undersigned vacated the referral of the motions in it to address the issues directly in this Opinion.

[6]  Danway, Dean Jr. (a defendant in one of the member cases), and Bowden are represented by the same law firm (Dean & Barrett).  However, this particular opinion only pertains to

schedules for full submission by May 27, 2016, of all the motions to dismiss, for partial summary judgment, and for preliminary injunction.

On the eve of the May 31, 2016 hearing, Sabal Trail filed a corrected version of Exhibit 2 to its complaint in this case, 3:16-cv-173-WKW.  (*See* Doc. # 62.)  Sabal Trail acknowledges that it mistakenly had filed an incorrect exhibit to the complaint involving Bowden and had represented that the wrong exhibit conformed to the alignment sheets.   The alignment sheets are aerial photographs with a rough approximation of the location of the pipeline drawn in.  While these are represented by Plaintiff to be the only descriptions approved by FERC, they are insufficient as legal descriptions to convey an easement for specific property.   Hence, Plaintiff provided more detailed legal descriptions in each complaint.[7]  Counsel for Bowden, although he would have received electronic notification, did not have a copy of the new exhibit and legal description prior to the start of the hearing due to the Memorial Day holiday.  A copy was provided at the hearing by the court's staff, and Plaintiff had a large copy, which it utilized at the hearing.

The first argument in the motion to dismiss is the "failure to meet conditions precedent to the issuance of certificate."  (*See*, e.g. Doc. # 24, at 11.)  Bowden argues

---

Bowden's answer and motions to dismiss.  Thus, the only property at issue in this Opinion is described in the complaint for Case No. 3:16-cv-173.

[7] The alignment sheets were not filed as an exhibit to the complaint, but were filed as Exhibit 3 to Exhibit B to Document Number 4, Plaintiff's Motion for Partial Summary Judgment.

6

that there are 27 conditions imposed by the FERC in the certificate and that the conditions have not been met. (*Id*. at 12.)  Bowden asserts that until the conditions precedent are met, Sabal Trail has no certificate of need, which deprives this court of jurisdiction.  Next, Bowden argues that a necessary party has not been added under Fed. R. Civ. P. 71.3(c)(3), which requires joinder of "those persons who have or claim interest in the property and whose names are then known."  (*Id*. at 13.) Specifically, Bowden asserts that Alabama Electric Cooperative (now PowerSouth Energy Cooperative) has an easement on its property for an electric transmission line. (*Id*.)  Next, Bowden contends that the case should be dismissed or alternatively stayed due to the pending FERC rehearing.  Bowden concedes that FERC declined to enter its own stay.  (*Id*. at 15.)  Finally, Bowden seeks dismissal for failure to fulfill the purpose of the FERC certificate.  He notes that the State of Georgia has refused to grant permission to Sabal Trail to tunnel under any of its rivers.  This denial allegedly renders it impossible for Sabal Trail to meet the May 1, 2017 proposed completion date of the pipeline. (*Id*. at 17.)

The Magistrate Judge held a hearing on all pending motions on May 31, 2016. At the conclusion of the hearing, the Magistrate Judge instructed Sabal Trail to stake the properties at issue to eliminate any lingering ambiguity about the exact path of the pipeline.  Further, the Magistrate Judge also provided Defendants an opportunity to file any additional response or information they wished the court to consider. (*See*

Doc. # 63.)  Bowden filed its post-hearing response on June 2, 2016.  (*See* Doc. # 66.) The official transcript of the May 31, 2016 hearing has been filed.  (*See* Doc. # 68.)

## II.  DISCUSSION

**A.**    **Motions to Dismiss:  Procedural Requirements**

Federal Rule of Civil Procedure 71.1 governs condemnation actions under the Natural Gas Act and permits defendants to file only two types of pleadings: "a notice of appearance designating the property in which it claims an interest," Fed. R. Civ. P. 71.1(e)(1), and an answer, which must "state all the defendant's objections and defenses to the taking."  Fed. R. Civ. P. 71.1(e)(2)(C).  In other words, "[n]o other pleading or motion asserting an additional objection or defense is allowed."  Fed. R. Civ. P. 71.1(e)(3).   The Advisory Committee's note explains that a Rule 71.1 condemnation proceeding "[d]epart[s] from the scheme of Rule 12[;] subdivision (e) requires all defenses and objections to be presented in an answer and does not authorize a preliminary motion."  Fed. R. Civ. P. 71.1, advisory committee's note (Original Report, Note to Subdivision (e)); *see also* 12 Charles Alan Wright & Arthur Miller, *Federal Practice & Procedure*, § 3048 (2d ed.) (citing *Maun v. United States,* 347 F.2d 970, 973 (9th Cir. 1965) (overruled on other grounds); *Atl. Seaboard Corp. v. Van Sterkenburg*, 318 F.2d 455, 458 (4th Cir. 1963); *City of Davenport,*

*Iowa v. Three-Fifths of an Acre of Land, More or Less, in City of Moline, Ill.*, 147 F. Supp. 794, 796 (S.D. Ill. 1957)).

Based on the above authority, the Motions to Dismiss are procedurally improper and due to be denied. However, the objections and arguments contained therein will be considered as part of Bowden's response to the motion for partial summary judgment. Thus, despite Plaintiff's request to strike the pleadings, the court will consider the arguments for the purposes of objections contained within Bowden's answer.

**B.    Motion to Add a Necessary Party**

Bowden argues that Sabal Trail failed to join a necessary party, namely, PowerSouth Energy Cooperative, which has an easement on its property for an electric transmission line, and that, without PowerSouth's joinder under Federal Rule of Civil Procedure 19, dismissal is required. Rule 71.1 provides that the complaint "must . . . name as defendants both the property—designated generally by kind, quantity, and location—and at least one owner of some part of or interest in the property." Fed. R. Civ. P. 71.1(c)(1). However, "before any hearing on compensation, the plaintiff must add as defendants all those persons who have or claim an interest and whose names have become known or can be found by a reasonably diligent search of the records, considering both the property's character and value and the interests to be acquired." Fed. R. Civ. P. 71.1(c)(3). Sabal Trail's

complaint names Bowden and the 7.72 acres as defendants and, thus, complies with Rule 71.1(c)(1).  Bowden cites no authority that PowerSouth's joinder is required at this juncture, and Rule 71.1(c)(3) is to the contrary.[8]  Accordingly, Bowden's motion to add PowerSouth or for dismissal is due to be denied.

## C.   <u>Motion to Dismiss for Lack of Subject-Matter Jurisdiction or, Alternatively, to Stay this Action</u>

Bowden asserts that subject-matter jurisdiction is lacking over this action for two reasons.  First, it argues that the FERC Certificate is not final because of the requests for rehearing.  Second, its asserts that Sabal Trail has not satisfied all the conditions precedent to proceed which, in essence, renders the FERC Certificate not valid.  Alternatively, Bowden moves for a stay of these proceedings.  Those contentions are rejected for the reasons discussed below.

Bowden asserts that because FERC granted rehearing, the FERC certificate is not final; *ergo*, this case is not ripe, and Sabal Trail cannot condemn the subject easement.  As noted, FERC issued its Certificate of Necessity on February 2, 2016, which authorizes Sabal Trail to construct and operate the Sabal Trail Project.  (*See* Doc. # 1, Ex. 3.)  On March 29, 2016, FERC issued an "Order Granting Rehearings for Further Consideration."  (*See* Doc. # 38, Ex. A.)  The next day, March 30, 2016,

---

[8] The court, however, shares the concerns raised in the Report and Recommendation (Doc. # 69, at 20), but is satisfied that Bowden has not demonstrated that dismissal is required at this juncture for failure to join PowerSouth.

FERC denied several requests by landowners for a stay of the February 2, 2016 order (Certificate of Necessity).  (*See* Doc. # 38, Ex. B.)

Sister courts have analyzed this argument soundly, and their analyses are compelling.  (*See* Doc. # 55, Ex. A); *Sabal Trail Transmission, LLC v. Real Estate, et al*, Order Granting Partial Summary Judgment and Preliminary Injunction (N.D. Fla. May 23, 2016) (Walker, J); *Sabal Trail Transmission, LLC v. 84.115 Acres of Land in Marion Cnty*, Civ. Act. No. 5:16-cv-208, 2016 WL 2627575 (M.D. Fla May 9, 2016) (Moody, J.).  FERC regulations state "[u]nless otherwise ordered by the Commission, rules or orders are effective on the date of issuance."  18 C.F.R. § 385.2007(c)(1).  The statute and the interpretive case law on this issue are clear, and Bowden's position is not well-taken.

15 U.S.C. § 717r(c) provides that "[t]he filing of an application for rehearing . . . shall not, unless specifically ordered by the [FERC], operate as a stay of the [FERC]'s order.  The commencement of [appellate proceedings] shall not, unless specifically ordered by the court, operate as a stay of the [FERC]'s order."  Further, courts have noted that a motion for rehearing not accompanied by a stay from FERC has no effect on the district court's obligation to enforce a FERC certificate.  *See Constitution Pipeline Co., LLC v. A Permanent Easement for 2.40 Acres*, No. 3:14-cv-2046, 2015 WL 1638211, at *3 (N.D.N.Y Feb. 24, 2015); *Steckman Ridge GP, LLC v. An Exclusive Nat. Gas Storage Easement Beneath 11.078 Acres*, No. 08-168

*et al.*, 2008 WL 4346405, at *3 (W.D. Penn. Sept. 19, 2008) (concluding that a request for rehearing absent a stay does not affect the finality of an order from the FERC); *Tenn. Gas Pipeline Co. v. Mass. Bay Transp. Auth.*, 2 F. Supp. 2d 106, 109 (D. Mass. 1998) (concluding that a FERC certificate is final and binding unless a stay is issued by the FERC).

FERC entered no such stay and in fact refused to stay its order in the proceedings involving the rehearing on this FERC certificate.  Finally, though not binding on this court, the other district courts involved in the Sabal Trail Project condemnation proceedings have rejected defense arguments to dismiss for lack of jurisdiction and/or stay the proceedings due to the FERC rehearing.  Their respective reasoning is supported in the statute and case law.

Bowden also argues that Sabal Trail has failed to satisfy the conditions precedent listed in the FERC Certificate.  As noted by Sabal Trail at the hearing, logically, some conditions cannot be satisfied until after construction is complete. For example, the conditions of the certificate of public convenience and necessity require that construction must be completed within 24 months and that Sabal Trail must file updated status reports on a biweekly basis detailing its "efforts to obtain the necessary federal authorizations."  (Doc. # 24-1, App'x B, at 105.)  In other words, Sabal Trail can continue to work on these conditions as the pipeline progresses.  There is no basis to delay the condemnation proceedings because any

failure to comply with the FERC certificate is an issue for FERC – not this court at this stage in the proceedings. *See Gas Transmission Nw. LLC v. 15.83 Acres*, 126 F. Supp. 3d 1192, 1198 (D. Or. 2015) ("When a landowner contends that the certificate holder is not in compliance with the certificate, that challenge must be made to FERC, not the court." (quoting *Millennium Pipeline Co. v. Certain Permanent & Temp. Easements*, 777 F. Supp. 2d 475, 481 (W.D.N.Y. 2011))); *see also Portland Nat. Gas Transmission Sys. v. 4.83 Acres of Land,* 26 F. Supp. 2d 332, 339 (D.N.H. 1998) ("The district court does not have the authority to enforce compliance with pre-construction conditions."); *Columbia Gas Transmission, LLC v. 76 Acres More or Less,* No. ELH-14-0110, 2014 WL 2960836, at *3 (D. Md. July 27, 2014) ("Complaints that the holder of a certificate is violating the certificate must be made to FERC not the district court in a condemnation proceeding.").  Further, "even assuming, for argument's sake, that the certificate holder is violating the FERC Certificate conditions, this would not affect the validity of the FERC Certificate or the certificate holder's ability to exercise its authority of eminent domain." *Gas Transmission Nw.*, 126 F. Supp. 3d at 1198 (quoting *Columbia Gas Transmission LLC v. 0.85 Acres, More or Less*, No. WDQ-14-2288, 2014 WL 4471541, at *4 (D. Md. Sept. 8, 2014)) (internal modifications omitted).

Based on all the above, the objections in Bowden's answer (as required in Rule 71) are rejected, and the motion to dismiss for lack of subject-matter

jurisdiction or, alternatively, to stay this action is due to be denied.  Having resolved the jurisdictional question, the court turns to the merits of the summary judgment motion by Plaintiff.

**D.    Motion for Partial Summary Judgment**

To succeed on summary judgment, the movant must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The court must view the evidence and the inferences from that evidence in the light most favorable to the nonmovant. *Jean–Baptiste v. Gutierrez*, 627 F.3d 816, 820 (11th Cir. 2010).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  This responsibility includes identifying the portions of the record illustrating the absence of a genuine dispute of material fact. *Id*.

If the movant meets its burden, the burden shifts to the nonmoving party to establish—with evidence beyond the pleadings—that a genuine dispute material to each of its claims for relief exists. *Id.* at 324.  A genuine dispute of material fact exists when the nonmoving party produces evidence allowing a reasonable fact finder to return a verdict in its favor.  *Waddell v. Valley Forge Dental Assocs*., 276 F.3d 1275, 1279 (11th Cir. 2001).

Finally, Federal Rule of Civil Procedure 56(e) also provides that, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:   (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order."

Initially, Bowden's argument regarding the failure of the Georgia legislature to pass the bill involving permission to install the pipeline beneath Georgia rivers is not an issue for this court's consideration.  Despite the fact the Georgia legislature's action does put some of the pipeline construction timeline at issue, it has no effect on the Alabama properties, which are the only matters before this court. Consequently, this argument and objection are rejected.

Congress enacted the Natural Gas Act to impose federal regulation upon the interstate transportation and sale of natural gas for resale to the public for domestic, commercial, industrial, or any other use. 15 U.S.C. § 717(a).  The NGA applies to Sabal Trail's Project, which will be an interstate natural gas pipeline.  *Id.* at § 717(b). The portion relevant to these condemnation lawsuits provides

> [w]hen any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of

property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located . . . .

*Id.* The NGA authorizes a party to exercise the federal power of eminent domain to acquire property when (1) the plaintiff is the holder of a FERC Certificate authorizing a project, (2) FERC has determined that the property is necessary for the project, and (3) the plaintiff is unable to acquire the property by contract. *See, e.g., Columbia Gas Trans., LLC, v. 1.01 Acres, More or Less in Penn Twp., York Cty., Pa., Located on Tax ID No. 440002800150000000 Owned by Dwayne P. Brown & Ann M. Brown*, 768 F.3d 300, 304 (3d Cir. 2014) ("[A] certificate of public convenience and necessity gives its holder the ability to obtain automatically the necessary right of way through eminent domain, with the only open issue being the compensation the landowner defendant will receive in return for the easement."); *Sabal Trail Transmission, LLC v. 0.4 Acres of Land in Marion Cnty, Fla.*, Civ. Act. No. 5:16-cv-210-Oc-30PRL, 2016 WL 2997672, at *2 (M.D. Fla. May 25, 2016); *Columbia Gas Trans., LLC v. 0.85 Acres, More or Less, in Harford Cty., Md*., No. WDQ-14-2288, 2014 WL 4471541, at *3 (D. Md. Sept. 8, 2014); *Transcon. Gas Pipe Line Co., LLC v. Permanent Easement Totaling 2.322 Acres, More or Less, &*

*Temp. Easements Totaling 3.209 Acres, More or Less, Over a Parcel of Land in Brunswick Cty., Va. Approximately 83.00 Acres in Size*, No. 3:14-cv-00400-HEH, 2014 WL 4365476, at *4 (E.D. Va. Sept. 2, 2014).  Sabal Trail meets the first condition to condemn the subject easement, but there is a genuine dispute of material fact as to the second and third conditions.

As to the first condition, Sabal Trail holds a FERC Certificate authorizing the project.  As discussed in the prior section, Bowden makes certain arguments about the finality of the FERC certificate and whether conditions precedent have been met.  However, beyond those arguments, Bowden does not (and indeed cannot) dispute that FERC issued Sabal Trail a certificate of public convenience and necessity.

The sole remaining argument Bowden makes is with regard to the specificity and adequacy of the description of the easement at issue.  On the eve of the May 31, 2016 hearing before the Magistrate Judge, Sabal Trail filed a "corrected version of Exhibit 2 to the complaint in Case No. 3:16-cv-00173-WKW-TFM." (*See* Doc. # 62 & Ex. A.)  This Exhibit A is meant to replace the Exhibit 2 on the original complaint filed on March 17, 2016.  Sabal Trail acknowledged the original Exhibit 2 was incorrect with regard to the described easement requested as it did not follow the FERC alignment sheets.  Though the Magistrate Judge required Sabal Trail to stake the property, that does not overcome the fact that the original easement requested on the first exhibit 2 was wrong.  Further, even after Bowden pointed out the error in

its response to the motion for partial summary judgment by an affidavit of a licensed property surveyor, Sabal Trail still maintained the easement requested was correct. (*See* Doc. # 58 at 6–8.)  Not until 4:42 p.m. CDT on May 30, 2016 (Memorial Day and the day before the 9:30 a.m. hearing) did Sabal Trail finally correct the error. (*See* Doc. # 62.)  Though the court declines to attribute this to a falsehood, it is an error that has significant legal consequences.

Sabal Trail argues the error has no effect and was harmless because the description in the FERC alignment sheet is the only controlling document.  This is wrong.  *See, e.g., S. Nat. Gas Co. v. Land, Cullman Cty.*, 197 F.3d 1368, 1375 (11th Cir. 1999) ("Rule 71A(c)(2) requires that a condemnation complaint include a description of the property sufficient for its identification.  [Plaintiff's] complaint for condemnation easily satisfied this requirement by incorporating both a legal description and a plat map showing the placement of the pipeline and relevant easements.  Moreover, as a practical matter, the Commissioners, the parties, and the lawyers have walked the centerline of the easement from one end of the [defendants'] property to the other, and no one had any problem locating the easement. Thus, we see no merit to the [defendants'] assertion that the property description was inadequate.").

Unlike the other three easements at issue (Danway, Dean Jr., and Livingston properties), the Bowden property was not properly described by the Plaintiff in its

original complaint. The corrected exhibit 2 merely fixes what was previously a deficient second requirement (property that FERC has determined is necessary for the property – properly described).  Nor were the alignment sheets an exhibit to the Bowden complaint; they were "exhibits to the exhibits" of the motion for partial summary judgment. (Doc. # 4.)  The court is not persuaded by Bowden's argument that Sabal Trail is required to do a full survey with a metes and bounds description and plat drawn by a registered land surveyor showing the property to be taken. Though that is certainly an action Sabal Trail could, and perhaps should, take, an adequate description of the property[9] that comports with the FERC alignment sheets is adequate.  Having reviewed the new Exhibit 2, the court finds that it is sufficient as a description for purposes of ordering condemnation.  Further, the Magistrate Judge's extra step of having Plaintiff stake the property should resolve any lingering ambiguity.  Thus, having filed the correct Exhibit 2, Plaintiff likely can satisfy the second requirement in any future motion for summary judgment on condemnation.[10]

---

[9] That is, a description that reasonably enables a landowner to accurately locate the easement on the ground.

[10] District courts have limited jurisdiction in Natural Gas Act condemnation actions. *Tenn. Gas Pipeline Co. v. 104 Acres of Land More or Less, in Providence Cty. of the State of R.I.*, 749 F. Supp. 427, 430 (D.R.I. 1990).  The condemnation action "does not provide challengers with an additional forum to attack the substance and validity of a FERC order.  The district court's function under the statute is not appellate but, rather, to provide for enforcement." *Williams Nat. Gas Co. v. Okla. City*, 890 F.2d 255, 264 (10th Cir. 1989).  "The District Court's sole charge and authority is to evaluate the scope of the FERC Certificate, and order the condemnation of property in accordance with that scope." *Steckman Ridge GP, LLC v. An Exclusive Nat. Gas Storage Easement Beneath 11.078 Acres, More or Less, in Monroe Twp.*, Nos. 08-168, *et al.*, 2008 WL 4346405, at *3 (W.D. Pa. Sept. 19, 2008); *see also Columbia Gas Transmission Corp. v. An*

Even though Sabal Trail has corrected the error, a material fact remains at issue as to the third requirement for condemnation – failure to acquire the property by contract.   Though there is significant evidence that Sabal Trail has been negotiating with Bowden over *some* piece of property, there is a genuine dispute of material fact over whether the property described in the corrected Exhibit 2 has been the property for which the offers were made.   Sabal Trail continues to attempt to fix its error through another late submission on June 3, 2016.   (*See* Doc. # 67 and attachments.)   However, there remain two contradictory facts.   Sabal Trail argues it was negotiating over the corrected easement, but Bowden states in his post-hearing submission that the parties have not negotiated over the parcel of land described in the corrected Exhibit 2.   Further, the original affidavits submitted with the Complaint were clearly erroneous.[11]   Thus, the court cannot credit Sabal Trail's assertions over Bowden's contradictions.   It cannot grant partial summary judgment by its very definition because there is no conclusive, undisputed evidence before the court that Sabal Trail negotiated to acquire the parcel that is described in the May 30, 2016

---

*Easement to Construct, Operate & Maintain a 24-Inch Pipeline*, Civ. Act. No. 5:07CV04009, 2008 WL 2439889, at *2 (W.D. Va. June 9, 2008) (citations omitted) ("Thus, the role of the district court in NGA eminent domain cases extends solely to examining the scope of the certificate and ordering the condemnation of property as authorized in that certificate.").   The FERC certificate with the alignment sheets permits the condemnation of the subject easements.

[11]   The court declines to adopt Bowden's allegations of falsity.

corrected Exhibit 2.[12]   Finally, Bowden is correct that there has been no fair opportunity to respond to the late filings.

Pursuant to Rule 56(e), the court may issue an appropriate order when a party fails to properly support an assertion of fact.  It is clear that the FERC certificate exists and that it is in the public interest that this project move quickly.  However, the landowner also has an interest in receiving an adequate description of the property and in negotiating a price for a clearly defined easement.  Thus, the only issue that remains is whether Sabal Trail has established that it has attempted to obtain that specific easement location through contract.  Therefore, the motion for partial summary judgment is due to be denied without prejudice.

### E.   <u>Motion for Preliminary Injunction</u>

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court."  *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002) (citations omitted).  To obtain a preliminary injunction, the moving party must establish, among other prerequisites, "a substantial likelihood of success on the merits."  *GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Eng'rs*, 788 F.3d 1318, 1322 (11th Cir. 2015) (citing *Burk v. Augusta-Richmond Cty.*, 365 F.3d 1247, 1262–63 (11th Cir. 2004)).

---

[12]   The June 3, 2016 post-hearing filing (Doc. # 67) merely pertains to prior negotiations.

Because the court has declined to grant partial summary judgment, Sabal Trail cannot establish a substantial likelihood of success on the merits at this time. Therefore, the preliminary injunction motion is due to be denied without prejudice.

### III. CONCLUSION

Accordingly, it is ORDERED that Bowden's Motions to Dismiss, Motion to Add Necessary Party, and Alternative Motion to Stay (Doc. # 24 in 3:16-cv-173) are DENIED.   However, the arguments and objections contained therein shall be considered as part of Bowden's answer.

It is further ORDERED that Plaintiff's Motions for Partial Summary Judgment and for Preliminary Injunction (Doc. # 4 in 3:16-cv-173) are DENIED without prejudice.

DONE this 8th day of June, 2016.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE