IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| SABAL TRAIL TRANSMISSION, LLC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO.  3:16-CV-173-WKW |
| 7.72 ACRES IN LEE COUNTY, ALABAMA, and BOWDEN REALTY, INC., | ) ) ) ) | |
| v. | ) ) | CASE NO.  3:16-CV-174-WKW |
| 1.83 ACRES IN LEE COUNTY, ALABAMA and HUGH LIVINGSTON, | ) ) ) ) | |
| v. | ) ) | CASE NO.  3:16-CV-175-WKW |
| 9.95 ACRES IN CHAMBERS COUNTY, ALABAMA, and JOSEPH L. DEAN, JR., | ) ) ) ) | |
| v. | ) ) | CASE NO.  3:16-CV-176-WKW |
| 8.95 ACRES IN CHAMBERS COUNTY, ALABAMA, and DANWAY PROPERTIES, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sabal Trail Transmission, LLC, an interstate natural gas transmission company, filed these condemnation actions under the Natural Gas Act, 15 U.S.C. § 717, *et seq.*[1] The named properties, which are in Chambers and Lee counties, Alabama, are positioned on the path of a proposed 516.2-mile long natural gas pipeline running through Alabama, Georgia, and Florida ("Sabal Trail Project"). On February 2, 2016, Sabal Trail received a certificate of public convenience and necessity from the Federal Energy Regulatory Commission ("FERC") under 15 U.S.C. § 717f. The FERC Certificate authorizes "Sabal Trail Transmission LLC to construct and operate the Sabal Trail Project." (Compls., Ex. 3, at 92 (3:16-cv-174, 3:16-cv-175, 3:16-cv-176).[2]) In the Certificate, FERC authorizes the completion of the pipeline by the May 1, 2017, in-service date. (Compls., at ¶ 8 & Ex. 3, at 6.) Construction is scheduled to begin on June 21, 2016. (Compls., at ¶ 9.)

To commence construction of the pipeline, Sabal Trail must acquire temporary and permanent easements across each piece of real property along the

---

[1] Seven actions were filed in the Middle District of Alabama, three of which settled and have been dismissed. The above-styled four actions, which have been consolidated, remain pending. This opinion addresses three of the four pending actions, namely, (1) 3:16-cv-174, (2) 3:16-cv-175, and (3) 3:16-cv-176.

[2] This opinion refers to the page numbers on the certificate, not the page numbers assigned by the court's CM/ECF system.

pipeline's path. As part of the certification process, Sabal Trail submitted, and FERC approved, alignment sheets showing the final alignment of the route for the Sabal Trail Project. Sabal Trail described in Exhibit 2 to each complaint the easements that conform with the FERC-approved alignment sheets. The landowners named in these actions are among the small percentage of landowners from whom Sabal Trail has been unable to acquire easements through contract negotiations. As a result of the impasse with the landowners, Sabal Trail commenced these actions pursuant to the provisions of the Natural Gas Act that permit a natural gas pipeline company that holds a FERC Certificate to condemn property for the purposes of pipeline construction, 15 U.S.C. § 717f(h). Simultaneously with the filing of its complaints, Sabal Trail filed motions for partial summary judgment to condemn the easements described in Exhibit 2 to the complaints and for a preliminary injunction granting it immediate possession of the easements over the properties owned by the Defendant landowners. Defendants responded with motions to dismiss, to add a necessary party, and, alternatively, to stay these actions.

Before the court is the Report and Recommendation of the Magistrate Judge (Doc. # 69, "Recommendation"), which was entered after briefing and oral argument. The Recommendation addresses the motions pending in three of the four

consolidated actions: (1) 3:16-cv-174; (2) 3:16-cv-175; and (3) 3:16-cv-176.[3] The Magistrate Judge recommends that this court grant Sabal Trail's motions and deny Defendants' motions. Defendants have filed objections to the Recommendation.[4] (Docs. # 75, 77, 78.[5]) The court has conducted an independent and *de novo* review of those portions of the Recommendation to which objection is made, *see* 28 U.S.C. § 636(b). The objections largely encompass arguments that Defendants previously raised and that the Magistrate Judge addressed in the Recommendation. For the reasons to follow, the objections are due to be overruled.[6]

---

[3] A previously entered Order (Doc. # 74) ruled on the motions that at the time were pending in 3:16-cv-173.

[4] In the Recommendation, the Magistrate Judge instructed the parties to file objections within ten days of the entry of the Recommendation. Defendants Joseph L. Dean and Danway Properties, Ltd., contend that they have been unjustly deprived of 28 U.S.C. § 636(b)(1)'s fourteen-day allotment for filing objections. The Magistrate Judge appropriately shortened the time period to file objections to permit sufficient time for the court to consider objections prior to the June 21, 2016 deadline for construction activities to commence. *See United States v. Slowden*, No. 11-60288-CR, 2012 WL 696597, at *8 (S.D. Fla. Feb. 16, 2012) ("Where exigencies exist, a court may shorten the time for filing objections."), *recommendation adopted*, No. 11-60288-CR, 2012 WL 696399 (S.D. Fla. Mar. 1, 2012). Time is of the essence, and Defendants' arguments to the contrary are unpersuasive.

[5] Defendants Joseph L. Dean, Jr., and Danway Properties, Ltd., filed virtually identical objections. (*Compare* Doc. # 77 *with* Doc. # 78.) Because many of Defendants' legal arguments are overlapping, the court addresses the objections together and refers collectively to "Defendants."

[6] Objections not addressed specifically in this Memorandum Opinion and Order also are overruled and warrant no further discussion.

4

**A.     Objections to the Recommendation to Grant Sabal Trail's Motion for Partial Summary Judgment**

Sabal Trail moves for partial summary judgment that it possesses the federal power of eminent domain to take possession of the properties that are the subject matter of these consolidated actions. The Magistrate Judge found that, under the summary judgment standard, Sabal Trail has satisfied the three prerequisites for exercising the federal power of eminent domain authorized by the Natural Gas Act. He found that Sabal Trail is the holder of a FERC Certificate authorizing the Sabal Trail Project, that FERC has determined that the subject properties are necessary for the Sabal Trail Project, and that Sabal Trail has been unable to acquire the properties by contract.  (Doc. # 69, at 15–20); *see also Sabal Trail Transmission, LLC v. +/- 0.4 Acres of Land in Marion Cty. Fla.*, No. 5:16-cv-210-OC-30PRL, 2016 WL 2997672, at *2 (M.D. Fla. May 25, 2016) (collecting cases that have distilled 15 U.S.C. § 717f(h)'s requirements for eminent domain into three elements)); *see also Columbia Gas Transmission, LLC, v. 1.01 Acres, More or Less in Penn Twp., York Cty., Pa., Located on Tax ID No. 440002800150000000 Owned by Dwayne P. Brown & Ann M. Brown*, 768 F.3d 300, 304 (3d Cir. 2014) ("[A] certificate of public convenience and necessity gives its holder the ability to obtain automatically the necessary right of way through eminent domain, with the only open issue being the

compensation the landowner defendant will receive in return for the easement."). The Magistrate Judge concluded, therefore, that partial summary judgment in Sabal Trail's favor is appropriate because Sabal Trail has a "substantive right to condemn the subject easements through the power of eminent domain under the NGA and the applicable provisions of the FERC certificate and associated materials." (Doc. # 69, at 20.)

The objections to the Magistrate Judge's recommendation on Sabal Trail's motion for partial summary judgment can be categorized generally as follows: first, that the descriptions of the easements are not sufficient to identify the properties to be condemned; second, that the affidavit of James L. McCrory, an experienced land surveyor, creates a genuine dispute of material fact with respect to the legal sufficiency of the property descriptions; and, third, that the condemnation rights Sabal Trail seek are more expansive than those approved by the FERC Certificate.

Concerning the alleged inadequacies of the descriptions of the easements, this contention properly contains a challenge that the complaints fail to satisfy Federal Rule of Civil Procedure 71.1(c)'s pleading requirement that a condemnation complaint "contain a short and plain statement of . . . a description sufficient to identify the property." Fed. R. Civ. P. 71.1(c)(2)(C). Other courts addressing landowners' similar contentions have gauged the legal sufficiency of the easement

descriptions under Rule 71.1's pleading standard.  *See Sabal Trail Transmission, LLC v. Estate*, No. 4:16-CV-102, 2016 WL 3248367, at *4 (M.D. Ga. June 10, 2016) (finding that Sabal Trail's easement descriptions satisfied its pleading burden under Rule 71.1(d)(2)(A) and, thus, that the landowners' challenge to the sufficiency of the easement descriptions "d[id] not preclude partial judgment on Sabal Trail's right to condemn"); *E. Tenn. Nat. Gas Co. v. 3.37 Acres in Carroll Cty.*, No. 4:02cv196, at 3 (W.D. Va. May 8, 2003) (rejecting landowners' argument that the complaint was "fatally defective in that it fail[ed] to adequately describe the property that is being condemned").  Sabal Trail's pleading burden is not as onerous as Defendants contend.

The manner in which the complaints describe the easements on each piece of property is similar.  The complaints describe generally the nature of the easements and incorporate exhibits identifying the easements with more particularity.  The first exhibit attached to each complaint sets forth a full legal description of the entirety of the landowners' tract of land through which the easement runs.  The second exhibit contains a map with a diagram of the tract of land that shows the placement of the pipeline and proposed easement.  The diagram includes measurements in feet and acreage of the sizes of the temporary workspace easements and the permanent easement.  In the complaints in the Dean and Danway Properties cases, each diagram

includes an additional attachment with a legal description of the area of permanent easements. The maps in these cases contain a signed surveyor's certificate. The map attached to the Livingston complaint does not, and it includes a disclaimer that "[t]he proposed easement shown shall be fixed and determined in the initially installed pipeline." (Doc. # 1-2, 3:16-cv-174.) Each complaint alleges that the easements described comport with the FERC-approved alignments.

This court has found that a description of the property that "comports with the FERC alignment sheet" and that "reasonably enables a landowner to accurately locate the easement on the ground" is adequate "for purposes of ordering condemnation." (Doc. # 74, at 19 & n. 9.) Defendants have not disputed that the FERC has approved alignment sheets, and they have not argued that Exhibit 2 to each complaint is not an accurate depiction of the alignment sheets. Instead, Defendants argue that the plat maps attached to the complaints as Exhibit 2 do not "reasonably enable a landowner to accurately locate the easement on the ground" as to their properties. (Doc. # 77, at 12; Doc. # 78, at 12; *see also* Doc. # 75, at 2–6.) To bolster their contention that the easement descriptions are inadequate, Defendants Dean and Danway Properties rely on the affidavits of James L. McCrory, a land surveyor who criticizes the easement descriptions because they purportedly do not include GPS coordinates, are not tied to a monument on the ground, and do not

8

comply with the standards of practice for Alabama land surveyors.  (*See* McCrory's Aff. ¶¶ 9, 10, 11 (Docs. # 50-4, 52-4).)  Mr. McCrory attests that, "[u]sing the plat attached to the Complaint as Exhibit 2[,] it is impossible to accurately determine on the ground the location of the proposed pipeline and easement because of conflicts between the coordinates of the points called for and the bearings and distances called for in the description in Exhibit 2 to the Complaint."  (McCrory's Aff. ¶ 8.)  Defendants contend that the Recommendation ignores Mr. McCrory's attestations and that the affidavits require the denial of Sabal Trail's motion for partial summary judgment.

Mr. McCrory's criticisms of the maps as being deficient under a licensed land surveyor's standards demand too much for purposes of Sabal Trail's compliance with the pleading standard of Rule 71.1(c).  As this court found in the lead case, 3:16-cv-173, Sabal Trail is not required to conduct a full survey with a metes and bounds description and plat drawn by a registered land surveyor showing the property to be taken for purposes of ordering condemnation.  (Doc. # 74, at 19); *see also Columbia Gas Transmission, LLC v. 76 Acres More or Less*, No. ELH-14-0110, 2014 WL 2960836, at *6 (D. Md. June 27, 2014) (Rule 71.1 does not require "any particular type of map, drawing, or measurement of the interests to be acquired" or "a survey adequate for recording in local land records.").  Notice pleading and Sabal

9

Trail's authority to condemn under the National Gas Act are at issue at this point, not conveyance of the properties or the recording of the easements.[7]

A review of relevant authorities, in particular, *Columbia Gas Transmission*, is instructive. In *Columbia*, the court rejected the landowners' argument that Columbia's submissions were "inadequate because they [were] not sufficiently detailed to be recorded in the local land records." 2014 WL 2960836, at *7. It found that "[i]t may be the case that Columbia will need to produce more detailed maps in order to record its easements in the local land records, but . . . Rule 71.1 does not require that filings comply with local recording requirements." *Id.* The court also found that the pipeline company's submissions describing the easements, which are similar to those here, satisfied Rule 71.1:

> Columbia has identified the parcel number and liber folio number for each property, has provided a lot and block map of each property, has listed the precise size of each easement, and has submitted a diagram showing the location of the pipeline and the proposed easement on each property. In light of this information, Defendants cannot convincingly claim that they are not on notice of the location and size of the proposed easements. And, Defendants have not identified any cases in which a

---

[7] Moreover, addressing the McCrory affidavits precisely, the condemnation-phase description relies upon, and allows, FERC-approved alignment sheets, and this court has not held otherwise. Mr. McCrory complains that he cannot "accurately" determine the location of the easement. But this court previously held the standard to be "a description that *reasonably enables* a landowner to accurately locate the easement on the ground." (Doc. # 74, at 19 n.9 (emphasis added).) While the court appreciates the precision with which Mr. McCrory wishes to draw and locate, at this stage "accurately" is too sharp a pencil; at the moment, Mr. McCrory should use a No. 2 pencil, not a No. 4H.

>     comparable description of proposed easements under the Natural Gas
>     Act was held to be inadequate.

*Id.* at *6.

For purposes of Rule 71.1 and ordering condemnation, the court finds that Exhibit 2 to each complaint, in conjunction with the full legal description identifying the parcel of property by citation to the warranty deed's page number in the public record (Exhibit 1), provides a sufficient description to put Defendants on notice of the location and size of the proposed easements. Columbia Gas Transmission's maps, like the Livingston map, included a disclaimer that the court found did not foreclose a finding of compliance with Rule 71.1. *See id.* at *5 (observing that the easement maps provided that they were not a "survey product" and "should not be used for authoritative definition of legal boundary, or property title"). It may be that the descriptions in these three cases fall on the lean side when compared to other relevant cases (*see generally* Doc. # 59, at 9 (collecting cases)), but, at bottom, the court finds that Sabal Trail, like Columbia Gas Transmission, has provided maps adequately showing the location and size of the proposed easements and that these maps satisfy Sabal Trail's pleading burden. *Id.* The companion case to these, 3:16-cv-173, is distinguishable. The map attached as Exhibit 2 did not "reasonably enable[ ] a landowner to accurately locate the easement on the ground" (Doc. # 74, at 19 & n. 9) because it was, as Sabal Trail conceded, the wrong map. In sum, neither

11

Mr. McCrory's affidavit nor Defendants' arguments prevent a finding that the complaints satisfy Rule 71.1(c)(2)(C) and that Sabal Trail is entitled to the entry of partial summary judgment.[8]

Moreover, for purposes of summary judgment, Sabal Trail has submitted the FERC-approved alignment sheets that set forth the path of the pipeline and the easements on Defendants' properties and declarations establishing that the easements depicted in Exhibit 2 to each complaint "conform with the approved alignment sheet[s] . . . ." (*See* 3:16-cv-174 (Doc. # 4-4, ¶ 12 (Decl. of Jason S. Lee); Exs. 4-5 (A), 4-6 (B); 3:16-cv-175 (Doc. # 5-3, ¶ 12 (Decl. of Jason S. Lee), Exs. A, B (attached); 3:16-cv-176 (Doc. # 4-5, ¶ 12 (Decl. of Jason S. Lee), Exs. 4-6 (A), Exs. 4-7 (B).) And, although Defendant Livingston complains that the post-hearing staking of the properties, as ordered by the Magistrate Judge, is of limited utility because the stakes will be removed during construction, the staking is an extra step for providing Defendants' notice as to the location of the easements. (*See* Doc. # 63 (ordering Sabal Trail to "go to the four remaining properties at issue to show the Defendants the exact area of land in question" and instructing that "[s]hould Plaintiff and Defendants agree, then they may walk and/or mark the property as appropriate,"

---

[8] Defendants have not pointed to any other court handling condemnation actions for the Sabal Trail Project that has found Sabal Trail's easement descriptions as to other landowners' properties inadequate for purposes of ordering condemnation.

but "[s]hould the parties not agree, then Sabal Trail shall stake the property"); *cf. S. Nat. Gas Co. v. Land, Cullman Cty.*, 197 F.3d 1368, 1375 (11th Cir. 1999) ("[A]s a practical matter, the Commissioners, the parties, and the lawyers have walked the centerline of the easement from one end of the [defendants'] property to the other, and no one had any problem locating the easement. Thus, we see no merit to the [defendants'] assertion that the property description was inadequate.").

Defendant Livingston also offers additional arguments for rejecting the Magistrate Judge's ruling on Sabal Trail's partial summary judgment motion. He points to the language in Exhibit 2 that "[t]he proposed easement shown shall be fixed and determined by the initially installed pipeline." (3:16-cv-174, Ex. 2 to Compl. (Doc. # 1).) Livingston interprets this language to be an open invitation to Sabal Trail to put the pipeline anywhere on his property and that Sabal Trail "will know where the pipeline is, once [it] put[s] it on the property." (Doc. # 75, at 5.) He similarly argues that the complaint and Sabal Trail's letter memorializing an offer of compensation attempt to broaden the parameters of the easement to encompass his entire 24.6 acres of land. Livingston's arguments do not encompass appropriate objections to Sabal Trail's authority to condemn the easements approved by FERC.

It is true that Sabal Trail cannot put the pipeline anywhere it pleases on Defendants' properties. Sabal Trail is constrained in its construction of the pipeline

by the FERC Certificate, and the pipeline and corresponding easements must conform with the FERC-alignment sheets. But that really is beside the point for purposes of these condemnation lawsuits. "The district court's role is simply to evaluate the scope of the [FERC] certificate and to order condemnation of property as authorized in the certificate." *Columbia Gas Transmission, LLC*, 2014 WL 2960836, at *3. Violations of a FERC certificate do not "affect the validity of the FERC certificate or [the certificate holder's] ability to exercise its authority of eminent domain." *Columbia Gas Transmission LLC v. 0.85 Acres*, Civ. No. WDQ-14-2288, 2014 WL 4471541, at *4 (D. Md. Sept. 8, 2014). Challenges that a certificate holder is not in compliance with the FERC certificate "must be made to FERC, not the district court." *Columbia Gas Transmission, LLC*, 2014 WL 2960836, at *3. The court agrees with these authorities.

To the extent that pre-suit Sabal Trail tried to bargain for easements that exceeded the scope of the FERC Certificate, Defendant Livingston cites no authority that would have prohibited a landowner from agreeing to an easement that exceeded the scope of a FERC certificate. These pre-suit negotiations, which were not successful, do not preclude the entry of partial summary judgment in Sabal Trail's favor. The grant of summary judgment will be limited to Sabal Trail's right to condemn as authorized by the FERC Certificate, and no more.

Based on the foregoing, Defendants' objections to the Recommendation are due to be overruled and the Magistrate Judge's recommendation that Sabal Trail's motion for partial summary judgment be granted is due to be adopted.

## B.     **Objections to the Recommendation to Deny Sabal Trail's Motion to Add a Necessary Party**

Southern Electric Generators Company ("SEGCO"), according to Defendants Dean and Danway Properties, has easements interests on their properties, but Sabal Trail did not name SEGCO as a Defendant in these cases. The Magistrate Judge found that, to the extent that SEGCO has an interest in the properties, Sabal Trail must add it as a party prior to the trial. The Magistrate Judge further observed that he was aware of no authority that Sabal Trail's failure to name SEGCO in the complaints necessitated a delay in the proceedings. (Doc. # 69, at 20 (citing Fed. R. Civ. P. 71.1(c)(3).)

Defendants Dean and Danway Properties continue to argue that SEGCO must be added, but they present no new grounds. Defendants' primary contention is that Sabal Trail knew that SEGCO owned an easement on their properties and, thus, should have joined it "[w]hen the action commence[d]." Fed. R. Civ. P. 71.1(a)(3). Defendants cite no authority that SEGCO's absence at this juncture requires dismissal of these actions or a delay in an order of condemnation. In fact, there is

15

authority that undermines Defendants' argument.  *See* 7 Fed. Proc., L. Ed. § 14:17 ("Since a condemnation proceeding is in rem, there are no indispensable parties, and the weight of authority holds that failure to join a necessary party does not defeat the condemnor's title to the land, although the unnamed party will retain the right to compensation.").

The court finds that the failure to join SEGCO does not prevent the grant of partial summary judgment establishing Sabal Trail's right to condemn the easements.  Sabal Trail is required, though, to join "before any hearing on compensation," any easement holders "who have or claim an interest in the property" and whose names "can be found by a reasonably diligent search of the records." Fed. R. Civ. P. 71.1(a)(3).

Accordingly, Defendants' objections are due to be overruled and the Magistrate Judge's Recommendation adopted on this point.

## C. Objections to the Recommendation to Grant Sabal Trail's Motion for a Preliminary Injunction

The Magistrate Judge has recommended that the court grant Sabal Trail's motion for a preliminary injunction. (Doc. # 69, at 21–26.) Defendants object to the Magistrate Judge's finding that Sabal Trail has demonstrated the requirements under Federal Rule of Civil Procedure 65 for obtaining a preliminary injunction. In

particular, Defendants argue that Sabal Trail has not shown a substantial likelihood of success on the merits and irreparable injury.

Because the Magistrate Judge correctly concludes that Sabal Trail is entitled to the entry of partial summary judgment, Sabal Trail has established a substantial likelihood of success on the merits at this time.  As the Magistrate Judge found, "Sabal Trail has met the requirements for an order of condemnation so it follows that Sabal Trail has shown its likelihood of success on the merits with respect to possession of the property and is legally entitled to possession upon the entry of final judgment."  (Doc. # 69, at 24.)  Moreover, the court finds no merit to Defendants' argument that the six- and seven-figure monetary losses that Sabal Trail will suffer for a week and month delay in construction, respectively, do not demonstrate irreparable injury on this record.  Accordingly, Defendants' objections are due to be overruled.

Moreover, over Defendants' objection, the court joins those courts that have concluded that "granting immediate possession of property through a preliminary injunction is appropriate where a pipeline company holds a valid FERC Certificate, a court has entered an order establishing the pipeline company's right to condemn the necessary easements, and the pipeline company has satisfied the standard for injunctive relief."  *Sabal Trail Transmission, LLC v. 9.669 Acres of Land in Polk*

17

*Cty. Florida*, No. 8:16-CV-640-T-33AEP, 2016 WL 2745082, at *4 (M.D. Fla. May 11, 2016) (collecting cases). Accordingly, the Recommendation that Sabal Trail's motion for a preliminary injunction be granted is due to be adopted and Sabal Trail's motion for a preliminary injunction granted.

**D.     Conclusion**

For the foregoing reasons, it is ORDERED as follows:

1.     Defendants' objections (Docs. # 75, 77, 78) to the Recommendation of the Magistrate Judge are OVERRULED.

2.     The Recommendation of the Magistrate Judge (Doc. # 69) is ADOPTED.

3.     The motions to dismiss, motions to add a necessary party, and alternative motions to stay (Docs. # 20, 22, 26) are DENIED.

4.     The motions for partial summary judgment and for a preliminary injunction (Docs. # 4, 5 in 3:16-cv-174, Docs. # 5, 6 in 3:16-cv-175, Docs. # 4, 5 in 3:16-cv-176-WKW) are GRANTED.

5.     Sabal Trail Transmission, LLC, shall deposit in the registry of the court the following amounts: (a) $14,640.00 (3:16-cv-174); (b) $42,930.00 (3:16-cv-175); and (c) $32,250.00 (3:16-cv-176) for a total amount of $89,820.00. Upon Sabal Trail Transmission, LLC, posting proper security bonds with the Clerk of this Court

in the above amounts, Sabal Trail shall have immediate access to the easements as described in Exhibit 2 to the complaints in 3:16-cv-174, 3:16-cv-175, and 3:16-cv-176 for the purpose of conducting pre-installation activities and constructing the pipeline in accordance with the terms of the FERC Certificate.

DONE this 20th day of June, 2016.

                                                /s/ W. Keith Watkins
                                CHIEF UNITED STATES DISTRICT JUDGE