IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| SABAL TRAIL TRANSMISSION, LLC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 3:16-CV-173-WKW |
| | ) | [WO] |
| 7.72 ACRES IN LEE COUNTY, ALABAMA, and BOWDEN REALTY, INC., | ) ) ) ) | |
| v. | ) ) | CASE NO. 3:16-CV-174-WKW |
| 1.83 ACRES IN LEE COUNTY, ALABAMA and HUGH LIVINGSTON, | ) ) ) ) ) | |
| v. | ) ) | CASE NO. 3:16-CV-175-WKW |
| 9.95 ACRES IN CHAMBERS COUNTY, ALABAMA, and JOSEPH L. DEAN, JR., | ) ) ) ) ) | |
| v. | ) ) | CASE NO. 3:16-CV-176-WKW |
| 8.95 ACRES IN CHAMBERS COUNTY, ALABAMA, and DANWAY PROPERTIES, LTD., | ) ) ) ) ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Sabal Trail Transmission, LLC, an interstate natural gas transmission company, filed the above-styled condemnation actions under the Natural Gas Act,

15 U.S.C. § 717, *et seq.* This opinion addresses only the motions pending in the lead action, 3:16-cv-173, namely, (1) Defendant Bowden Company, Inc.'s Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Doc. # 90); and (2) Plaintiff Sabal Trail Transmission, LLC's Renewed Motions for Partial Summary Judgment and for Preliminary Injunction (Doc. # 80). The motions have been fully briefed. Based upon careful consideration, Defendant's motion is due to be denied, and Plaintiff's motions are due to be granted.

## I.  BACKGROUND

The background and prior history of this action (3:16-cv-173) are set forth in the Memorandum Opinion and Order entered on June 8, 2016 (Doc. # 74), with which the parties' familiarity is assumed. Briefly, on February 2, 2016, Plaintiff Sabal Trail Transmission, LLC ("Sabal Trail") received a certificate of public convenience and necessity from the Federal Energy Regulatory Commission ("FERC") under 15 U.S.C. § 717f. The FERC Certificate authorizes Sabal Trail to construct and operate a 516.2-mile long natural gas pipe line running through Alabama, Georgia, and Florida ("Sabal Trail Project"). (Doc. # 87 (Am. Compl., Ex. 3).) As part of the certification process, Sabal Trail submitted, and FERC approved, alignment sheets showing the final alignment of the route of the pipe line for the Sabal Trail Project, which is to be completed by May 1, 2017. (Doc. # 87, at ¶ 8 & Ex. 3.)

To commence construction, Sabal Trail must acquire temporary and permanent easements across each piece of real property along the pipe line's path, including the named property in 3:16-cv-173, which is 7.72 acres in Lee County, Alabama.  Sabal Trail was unable to acquire the necessary easements through contract negotiations with the property's owner, Bowden Realty, Inc. ("Bowden"). As a result of the impasse, Sabal Trail commenced this action on March 17, 2016, pursuant to 28 U.S.C. § 1331 and the provisions of the Natural Gas Act ("NGA") that permit a natural gas pipe line company that holds a FERC Certificate to condemn property for the purposes of pipe line construction, 15 U.S.C. § 717f(h).

Simultaneously with the filing of its complaint, Sabal Trail filed a motion for partial summary judgment to condemn the temporary and permanent easements, which it described in Exhibit 2 to the complaint, and for a preliminary injunction granting it immediate possession of the easements over the properties owned by the Defendant landowners.  But Sabal Trail ran into a legal barrier to the granting of its motions.  As an attachment to the original complaint, Sabal Trail submitted a plat map, which it represented conformed to the FERC-approved alignment sheets.  That representation turned out to be erroneous.  The plat map depicted easements that did not correspond to the FERC-approved pipe line route, but rather depicted an alternate route that ultimately FERC did not approve.  In short, Sabal Trail submitted the wrong plat map with its complaint.  It did not correct its error until two-and-a-

half months later on the eve of a court hearing scheduled for May 31, 2016. Because the motions for partial summary judgment and for preliminary injunction were grounded on the wrong plat map, those motions were denied. (*See* Doc. # 74, at 18, in which the court found that Sabal Trail had not made a willful misrepresentation, but that its error of submitting the wrong map had "significant legal consequences.") The court found, however, that the corrected Exhibit 2 likely would provide sufficient support for any future motion for summary judgment on condemnation. (Doc. # 74, at 19.) Ultimately, on June 23, 2016, Sabal Trail filed an Amended Complaint that included the corrected Exhibit 2, and it has renewed its motions for partial summary judgment and for preliminary injunction.

## II. DISCUSSION

Sabal Trail contends that it is entitled to partial summary judgment that it possesses the power of eminent domain available under 15 U.S.C. § 717f(h) to acquire the necessary easements on Bowden's property for the construction of the pipe line. It further asserts that it has demonstrated the elements for obtaining a preliminary injunction authorizing it to possess immediately the requested easements. Bowden argues that subject-matter jurisdiction is lacking. The arguments are addressed in turn, beginning with Bowden's jurisdictional challenge.

A.    **Bowden's Motion to Dismiss for Lack of Subject-Matter Jurisdiction**

Bowden argues that subject-matter jurisdiction is lacking because the original complaint "did not seek to exercise eminent domain over property that had been approved by FERC as necessary for the project, *i.e.*, certificated property." (Doc. # 90, at 3.) This argument arises from Sabal Trail's concession that it erroneously attached the wrong exhibit to the original complaint and that, therefore, the easements described in that exhibit were not the easements that the FERC Certificate had authorized. According to Bowden, even though Sabal Trail filed a corrected Exhibit 2 and attached the right exhibit to its amended complaint, the amended complaint cannot cure the absence of subject-matter jurisdiction when this action was commenced. Sabal Trail contends that Bowden's argument attacks the merits of the case, not this court's jurisdictional footing.[1]

Sabal Trail invokes this court's subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the NGA, a federal statute. The NGA's jurisdictional provision, 15 U.S.C. § 717f(h), empowers federal courts to hear eminent domain actions where the owner of the property claims the amount owed for condemning the property exceeds $3,000. There is no dispute that Bowden

---

[1] Because subject-matter jurisdiction "can never be forfeited or waived," *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 503 (2006), the better course is to proceed directly to the substance of Bowden's challenge, rather than hang the decision on Sabal Trail's argument that the motion is procedurally improper under Federal Rule of Civil Procedure 71.1.

5

claims that the property that Sabal Trail seeks to condemn is worth much more than $3,000. Section 717f(h) also sets forth three prerequisites for the exercise of eminent domain; a party can only use the federal power of eminent domain to acquire property when (1) the party is the holder of a FERC Certificate authorizing a project, (2) FERC has determined that the property is necessary for the project, and (3) the party is unable to acquire the property by contract. § 717f(h); (*see also* Doc. # 79, at 5.) In other words, § 717f(h) provides federal jurisdiction over an eminent domain action where a FERC certificate holder has been unable to reach an agreement with a property owner on the price of a right-of-way necessary to complete a certificated project.

Sabal Trail readily concedes that the easements described in Exhibit 2 to the original complaint are not the easements approved by the FERC Certificate. Sabal Trail admits that it filed the wrong exhibit. The original complaint failed, therefore, to allege adequately § 717f(h)'s requirement that the easements (as described in the original complaint) are the easements that FERC deemed necessary for the construction of the pipe line. The issue, as framed by the parties' arguments, is whether the original complaint's pleading shortcoming is a non-curable defect defeating this court's subject-matter jurisdiction or, instead, whether the shortcoming relates to the merits of Sabal Trail's claim for condemnation. The short

answer is that the court properly exercises subject-matter jurisdiction over this eminent domain action.

Subject-matter jurisdiction "addresses the power of a court to hear a case." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 503 (2006). "[W]hen the question of jurisdiction and the merits of [the] action are intertwined, dismissal for lack of subject matter jurisdiction is improper." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement in the Cloverly Subterranean, Geological Formation*, 524 F.3d 1090, 1094 (9th Cir. 2008) (analyzing the NGA (citation and internal quotation marks omitted)). "[J]urisdiction becomes intertwined with the merits of a cause of action when a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Morrison v. Amway Corp.*, 323 F.3d 920, 926 (11th Cir. 2003) (citation and internal quotation marks omitted). When the jurisdictional and substantive elements are intertwined, "a motion to dismiss for lack of subject matter jurisdiction . . . is proper only when the allegations of the complaint are frivolous." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1040 (9th Cir. 2004) (citation and internal quotation marks omitted). As the Supreme Court has recognized, "'Whether a disputed matter concerns jurisdiction or the merits (or occasionally both) is sometimes a close question.'" *Arbaugh*, 546 U.S. at 516 (quoting *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361 (2d Cir. 2000)). There is persuasive authority in the

federal case law that § 717f(h) provides both the jurisdictional prerequisites for an eminent domain action and the components for obtaining substantive relief. *See Nw. Pipeline G.P. v. Francisco*, No. C08-0601MJP, 2008 WL 4547216, at *4 (W.D. Wash. Oct. 3, 2008) (opining that § 717f(h) supplies "the basis for both the subject matter jurisdiction of the district court and the plaintiff's claim for relief"); *see also Williston Basin Interstate Pipeline Co.*, 524 F. 3d at 1094–96 (concluding that there was an intertwining of jurisdiction and merits where the right to recovery required an interpretation of two competing NGA provisions to resolve whether the FERC certificate holder sought to condemn wells that were outside the scope of its certificate and that, therefore, dismissal for lack of subject-matter jurisdiction was inappropriate).

Bowden has not argued that Sabal Trail's action is frivolous, and such an argument, in any event, would have no traction. Here, as in *Northwest Pipeline*, Sabal Trail "will acquire eminent domain authority over [Bowden's] property if the Court rules that [Sabal Trail] satisfied the necessary elements for condemnation under § 717f(h)." *Id.* This court has the power, conferred by § 1331 and § 717f(h), to decide whether Sabal Trail can acquire the FERC-approved easements through eminent domain for the purpose of constructing the natural gas pipe line. Even if Sabal Trail ultimately cannot show a right under § 717f(h) to acquire the easements through eminent domain, that failure does not affect this court's power to pass

judgment on the claim. *See Nw. Pipeline*, 2008 WL 4547216, at *3 ("[W]hen a certificate holder cannot acquire property deemed necessary by the FERC certificate, it may initiate condemnation proceedings under § 717f(h) in district court. This, of course, does not mean that the court will grant eminent domain power to the certificate holder; it simply means that the court has the authority under the provision to consider the claim."); *see also* 29A C.J.S. Eminent Domain § 293 (2016) ("The test of jurisdiction in a condemnation proceeding is whether the court has power to enter on the inquiry, and not whether it may ultimately decide that it is unable to grant the relief sought in the particular case.").

Moreover, 28 U.S.C. § 1653 permits a plaintiff to cure a technical defect in jurisdictional allegations. *See* § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *see also Morongo Band of Mission Indians v. Calif. State Bd. of Equalization*, 858 F.2d 1376, 1381 n.3 (9th Cir. 1988) ("When the district court has jurisdiction over the action at the outset but the complaint inadequately alleges jurisdiction, the court may grant leave to amend the defective allegations."). Sabal Trail cured any jurisdictional shortcoming that accompanied its filing of the wrong Exhibit 2 when it amended its complaint and attached a corrected exhibit. Sabal Trail holds a FERC Certificate of public convenience and necessity for the Sabal Trail Project, and FERC has deemed the easements on Bowden's property necessary for the construction of the pipe line. At

the most, the original complaint contained defective allegations of jurisdiction; jurisdiction itself was proper as an action arising under the laws of the United States, namely the NGA. *See* § 1331.

Bowden has not provided sufficient grounds for the dismissal of this action for lack of subject-matter jurisdiction. Its motion to dismiss for lack of subject-matter jurisdiction is due to be denied.

**B.     Sabal Trail's Motion for Partial Summary Judgment**

Under the summary judgment standard, Sabal Trail has demonstrated the three prerequisites for exercising the federal power of eminent domain authorized by the NGA.[2] To reiterate, a party can only use the federal power of eminent domain to acquire property when (1) the party is the holder of a FERC Certificate authorizing a project, (2) FERC has determined that the property is necessary for the project, and (3) the party is unable to acquire the property by contract. § 717f(h); (*see also* Doc. # 79, at 5.)

First, the court previously found that Sabal Trail holds a FERC Certificate of public convenience and necessity authorizing the Sabal Trail Project, and it rejected

---

[2] To succeed on summary judgment, the movant must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence and the inferences from that evidence in the light most favorable to the nonmovant. *Jean–Baptiste v. Gutierrez*, 627 F.3d 816, 820 (11th Cir. 2010).

Bowden's arguments challenging the finality and validity of the FERC Certificate. (*See* Doc. # 74, at 10–14, 17.)  Those findings stand.

Second, this court also previously found that the corrected Exhibit 2, which now is attached to the amended complaint, provides a sufficient description of the property for purposes of ordering condemnation.  (Doc. # 74, at 19.)  Moreover, Sabal Trail has submitted the FERC-approved alignment sheets that set forth the path of the pipe line and the easements on Bowden's property, along with a declaration establishing that the easements depicted in the corrected Exhibit 2 "conform to the approved alignment sheet."  (*See* 3:16cv-173 (Doc. # 80-3, at 4 (2d Suppl. Decl. of Jason S. Lee).)  Accordingly, Sabal Trail has shown that the temporary and permanent easements, as depicted in Exhibit 2 to the amended complaint, are the easements that FERC deemed necessary for the construction of the pipe line.

Third, the court previously found that, "[t]hough there is significant evidence that Sabal Trail has been negotiating with Bowden over some piece of property, there is a genuine dispute of material fact over whether the property described in the corrected Exhibit 2 has been the property for which the offers were made."  (Doc. # 74, at 20.)  Sabal Trail has submitted evidence indicating that after the entry of the court's order on June 8, 2016, it resumed negotiations with Bowden for easements identical to what is depicted in the corrected Exhibit 2.  It relies on a letter, dated

June 9, 2016, to Bowden in which Sabal Trail's right-of-way supervisor, Jason S. Lee, made a written offer of $105,100 to acquire the easements on Bowden's property. The letter provides that this final offer would expire at the close of business on June 16, 2016. (Doc. # 80-3, at 16–17.) In his declaration, Mr. Lee further explains that the $105,100 offer exceeds the amount of Sabal Trail's appraisal, that Bowden did not accept the final offer, and that the parties are $945,900 apart. (Doc. # 80-3, at 6.)

Bowden does not dispute the foregoing portion of Mr. Lee's declaration. In an affidavit, Bowden's principal (Michael Bowden) attests that the parties have continued these negotiations through June 28, 2016. (Doc. # 92-1, at 4–5 (Michael Bowden's Aff.).) Bowden also represents that the parties now are only $450,000 apart in their negotiations. Urging that summary judgment is inappropriate, Bowden contends that it is premature for Sabal Trail to conclude that it cannot acquire the Bowden easements through diligent contract negotiations. Bowden's evidence and argument are not sufficient to overcome Sabal Trail's partial summary judgment motion.

Bowden's counterargument hinges on its insertion of a good faith requirement, but neither the NGA nor Federal Rule of Civil Procedure 71.1 requires the certificate holder to negotiate in good faith. (*See* Doc. # 69, at 18; Doc. # 79.) "All the NGA requires is a showing that the plaintiff has been unable to acquire the

property by contract or has been unable to agree with the owner of the property as to the compensation to be paid." (Doc. # 69, at 18); *see also Columbia Gas Transmission, LLC v. 76 Acres More or Less*, No. 14-cv-110, 2014 WL 2919349, at *3 (D. Md. June 25, 2014) (finding that the burden to demonstrate an inability to acquire property interests under § 717f(h) "is not onerous"). The evidence establishes this much without dispute. During the month of June, Sabal Trail had the right property easements appraised and made an offer that exceeded the appraised value, and Bowden refused that offer. Even if the law did require Sabal Trail to negotiate in good faith, the good faith requirement is met here based on the history of negotiations, as that history is described in Michael Bowden's affidavit. Bowden has not cited any authority to support its contention that the short time frame of the new negotiations fails to satisfy Sabal Trail's burden of showing that it has been unable to obtain the property by contract at an agreed-upon price. Accordingly, Sabal Trail meets the third and final requirement for condemnation.

In sum, there is no genuine dispute of material fact that Sabal Trail is the holder of a FERC Certificate authorizing the Sabal Trail Project, that FERC has determined that the subject property is necessary for the Sabal Trail Project, and that Sabal Trail has been unable to acquire the property by contract. Accordingly, Sabal Trail's motion for partial summary judgment is due to be granted.

## C. Sabal Trail's Motion for Preliminary Injunction

For the reasons set forth in the Recommendation of the Magistrate Judge (Doc. # 69, at 21–26), and in the order adopting the Recommendation (Doc. # 79, at 16–18), Sabal Trail has demonstrated its entitlement to a preliminary injunction. *See generally GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Eng'rs*, 788 F.3d 1318, 1322 (11th Cir. 2015) (setting out the elements for obtaining a preliminary injunction). The court finds no merit to Defendants' argument that Sabal Trail does not have a need for immediate access to the easements because Sabal Trail has not yet obtained certain permits and received permission from FERC to begin construction of the pipe line. The court joins those courts that have concluded that "granting immediate possession of property through a preliminary injunction is appropriate where a pipe line company holds a valid FERC Certificate, a court has entered an order establishing the pipe line company's right to condemn the necessary easements, and the pipe line company has satisfied the standard for injunctive relief." *Sabal Trail Transmission, LLC v. 9.669 Acres of Land in Polk Cty. Florida*, No. 8:16-CV-640-T-33AEP, 2016 WL 2745082, at *4 (M.D. Fla. May 11, 2016) (collecting cases). Accordingly, Sabal Trail's motion for preliminary injunction is due to be granted.

**D.      Security Deposit**

Sabal Trail will be required to post a security bond in the amount of three times Sabal Trail's appraised value of the easements.  (*See* Doc. # 69, at 26–27.)  The easements on Bowden's property were appraised at $13,989; therefore, the deposit shall be $41,967.

### III. CONCLUSION

For the foregoing reasons, it is ORDERED that Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Doc. # 90) is DENIED.

It is further ORDERED that Plaintiff's Renewed Motions for Partial Summary Judgment and for Preliminary Injunction (Doc. # 80) are GRANTED.

Sabal Trail Transmission, LLC, shall deposit in the registry of the court $41,967.  Upon the posting of proper security bonds with the Clerk of this Court, Sabal Trail shall have immediate access to the easements as described in Exhibit 2 to the amended complaint in 3:16-cv-173 for the purpose of conducting pre-installation activities and constructing the pipe line in accordance with the terms of the FERC Certificate.  The Clerk of the Court is DIRECTED to place any funds, if and when received, in an appropriate interest bearing account.

DONE this 8th day of July, 2016.

                                                    /s/ W. Keith Watkins
                                        CHIEF UNITED STATES DISTRICT JUDGE