IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| SABAL TRAIL TRANSMISSION, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 3:16-CV-173-WKW [WO] |
| 7.72 ACRES IN LEE COUNTY, ALABAMA, and BOWDEN REALTY, INC., | ) ) ) ) | |
| v. | ) ) | CASE NO. 3:16-CV-175-WKW [WO] |
| 9.95 ACRES IN CHAMBERS COUNTY, ALABAMA, and JOSEPH L. DEAN, JR., | ) ) ) ) ) | |
| Defendants. | ) | |

## **ORDER**

Before the court in this consolidated condemnation action is Plaintiff Sabal

Trail Transmission, LLC's Motion for Appointment of a Commission to Determine

Compensation pursuant to Rule 71.1(h) of the Federal Rules of Civil Procedure

(Doc. # 108.), which has been fully briefed (Docs. # 109, 110, 111, 112, 113). Based

upon careful review of this briefing and the record, the court finds that Plaintiff's

motion is due to be denied.

Under Rule 71.1(h), district courts have "broad discretion" in choosing between a jury and a commission to resolve the issue of compensation in a condemnation case. *S. Nat. Gas Co. v. Land, Cullman Cty.*, 197 F.3d 1368, 1373 (11th Cir. 1999).[1] Two courts recently exercised this discretion to select juries instead of commissions in condemnation cases related to this litigation. Those courts highlighted the inefficiency of commissions and emphasized the importance of providing a jury trial on compensation issues given the fundamental property rights at stake. *Sabal Trail Transmission, LLC v. Real Estate*, No. 1:16-cv-063, 2017 WL 2783995, at *7 (N.D. Fla. June 27, 2017); *Sabal Trail Transmission, LLC v. +/– 1.127 Acres of Land in Hamilton Cty., Fla.*, No. 3:16-cv-263, 2017 WL 2799352, at *2 (M.D. Fla. June 15, 2017). That reasoning applies with at least as much force in the instant litigation, so resolution of the compensation issues here by jury is preferable to resolution by commission.

It is therefore ORDERED that Plaintiff's motion (Doc. # 108) is DENIED.

DONE this 28th day of August, 2017.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The cited case addresses Rule 71.1's predecessor, but the changes to the predecessor rule that yielded Rule 71.1 were "intended to be stylistic only." Fed. R. Civ. P. 71.1 advisory committee's notes to 2007 amendments.